IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE MERCY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 06-5481** |
| | : | |
| **MARILYN S. BROOKS et al.** | : | |

**O R D E R**

George Mercy has filed a Petition for Writ of Habeas Corpus.  See 28 U.S.C. § 2254.  On April 10, 2007, the Magistrate Judge filed a Report and Recommendation, concluding that the Petition should be dismissed as time-barred.  Petitioner has objected to the Report and Recommendation.

As set out in the Report and Recommendation, Petitioner's sentence became final on March 27, 2003, when his time expired for seeking allowance of appeal in Pennsylvania's Supreme Court. See 28 U.S.C. § 2244(d)(1).  From that point, Petitioner had one year to file his federal habeas petition.  See id.  Eleven months elapsed before Petitioner tolled the period of limitation by filing a state PCRA petition on February 25, 2004.  The period of limitation was tolled from February 25, 2004 through August 17, 2006, when the Pennsylvania Supreme Court denied allowance of appeal on the PCRA petition.  See 28 U.S.C. § 2244(d)(2).  After the Pennsylvania Supreme Court denied allowance of appeal on August 17, 2006, the federal habeas period of limitation began running again, leaving Petitioner with one month to file a petition.  See Swartz v. Meyers, 204 F.3d 417, 419-20 (3d Cir. 2000).  Petitioner did not file his Petition until, at the earliest, November 30, 2006.  Because he failed to file his Petition within the one-year limitation period, the Petition was not timely filed. Furthermore, as set out in the Report and Recommendation, Petitioner has not met the requirements

1

for equitable tolling of the statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 168 (3d. Cir. 2003) ("[T]he two general requirements for equitable tolling [are]: (1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims.") (internal quotation marks and citation omitted). Petitioner does not allege circumstances that prevented him in some extraordinary way from filing a timely federal habeas petition, and even if he had alleged such circumstances, he fails to allege circumstances indicating that he exercised reasonable diligence. Accordingly, the Petition is time-barred.

Petitioner contends that his Petition is not time-barred because the one-year period of limitation was tolled during the ninety days during which he was entitled to seek *certiorari* after the Pennsylvania Supreme Court's denial of the PCRA petition. Petitioner is incorrect. This ninety-day period is included in the one-year limitation period. See Stokes v. District Attorney of Philadelphia, 247 F.3d 539, 540 (3d Cir. 2001); see also Lawrence v. Florida, 127 S. Ct. 1079, 1086 (2007) ("the filing of a petition for certiorari before this Court does not toll the statute of limitations"). Accordingly, I will overrule his objection to the Report and Recommendation.

AND NOW, this 22nd day of June, 2007, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo, IT IS ORDERED that:

(1) Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

(2) The Report and Recommendation is **APPROVED and ADOPTED**;

(3) The Petition filed pursuant to 28 U.S.C. § 2254 is **DISMISSED**; and

(4) There is no basis for the issuance of a certificate of appealability.

The Clerk's Office shall close this case for statistical purposes.

                                              IT IS SO ORDERED.

*/s Paul S. Diamond, J.*

_____
Paul S. Diamond, J.